# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| H'S BAR, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-1134 |
| | ) | |
| CYNTHIA BERG, MARCHUS D. | ) | |
| FRUCHTER, BRENDON KELLY, | ) | |
| SAINT CLAIR COUNTY SHERIFF'S | ) | |
| DEPARTMENT and SAINT CLAIR | ) | |
| COUNTY HEALTH DEPARTMENT, | ) | |
| | ) | |
|     Defendant. | ) | |

## COMPLAINT

Comes now Plaintiff H's Bar, LLC, an Illinois Limited Liability Company, by and through its attorney, Thomas G. Maag and the Maag Law Firm, LLC, and for its cause of action, states as follows:

## COUNT I

1. At all times relevant, Plantiff H's Bar, LLC ("H's"), is an Illinois Limited Liability Company, doing business at 1310 Dutch Hollow Road, Belleville, Illinois, within Saint Clair County, but outside of the city limits of Belleville.

2. That H's has both a valid gaming license and a valid liquor license.

3. In early 2020, and prior, Plaintiff was operating H's, making a profit, and providing a location for citizens and residents of the Metro East to peacefully assemble, discuss the issues of the day, eat, drink and make merry.

4. On or about January, 24, 2020, a case of so-called novel coronavirus, also known as various other names, including COVID-19, was diagnosed in Chicago, Illinois, hundreds

of miles away of Plaintiff's place of business, in a traveler from Wuhan, China, the apparent place of origin of the virus.

5. In mid-March, 2020 as the number of known cases of COVID-19 allegedly rose into the double digits (still less than 100), Governor J. B. Pritzker issued a disaster proclamation, the state's equivalent of a state of emergency, to respond to the crisis. The state took measures to halt the spread of the disease by closing all schools and colleges, ordering a stop to eviction enforcements, ordering all bars and restaurants closed to sit-in diners, and otherwise restricting large gatherings of people. As the virus spread further, the state enacted an even stronger shelter in place order, affecting schools and businesses across the state.  At first declared between the dates of March 21 and April 7, the order was later extended until April 30, then May 29, 2020.

6. Since that time, the Governor of Illinois, J.B. Pritzger, has purported to issue, rescind, reissue, and rescind, repeatedly, shut down orders that purports to prevent persons from peacefully assembling in bars, like H's, and preventing many normal aspects of normal life.

7. That these emergency orders have taken up a time period well beyond 30 days, and at present, have existed for more than SEVEN MONTHS.

8. Earlier this week, J.B. Pritzger, once again, issued another lockdown order, that, if followed, will shut down H's immediately, if not blocked, causing actual and substantial damage to Plaintiff's ability to exist, and the ability of Plaintiff, and its owners, employees to make a living and peacefully assemble and discuss the issues of the day, as well as the customers of Plaintiff to peacefully assemble and discuss the issues of the day.

9. At present, there is no indication on when J.B. Pritzger will stop issuing shut down orders, that said shut down orders will finally end, and/or when Plaintiff will finally not be subject to same.

10. That while some businesses in the area, have openly defied the shut down order, with little or no visible consequence, as it is being selectively enforced, others have been raised, cited, fined, and/or threatened with loss of certain licenses, such a liquor and gaming licenses, and Plaintiff fears, should they defy the purported orders, having (a) its liquor license revoked, (b) having its gaming license revoked, (c) being raided by various police entities, and ticketed and having its owners and employees ticketed, arrested and imprisoned, all for peacefully gathering despite the unlawful usurpious commands of J.B. Pritzger.

11. That Defendant Cynthia Berg, in her official capacity, as Chairman of the Illinois Liquor Control Commission ("Liquor") issues Plaintiff its liquor license, and the Governor, J.B. Pritzger, has threatened to have Liquor revoke the liquor licenses of businesses that stay open during periods that J.B. Pritzger has declared that they must shut down.

12. That Defendant Marcus D. Fruchter, in his official capacity as Administrator of the Illinois Gaming Board ("Gaming") issues Plaintiff its gaming license, and the Governor, J.B. Pritzger, has threatened to have Gaming revoke the gaming licenses of businesses that stay open during periods that J.B. Pritzger has declared that they must shut down.

13. That Defendant Brenden E. Kelly, in his official capacity as Director of the Illinois State Police ("Police") is the chief law enforcement agency of the State of Illinois, directly under the control of the State, and the Governor, J.B. Pritzger, has threatened to have Police issue tickets and shut down businesses that stay open during periods that J.B.

Pritzger has declared that they must shut down, and in fact, has actually done so, including at Fast Eddie's Bar, in Alton, Illinois.

14. That Defendant Saint Clair County Sheriff's Department ("Sheriff") is the chief law enforcement agency in Saint Clair County, Illinois with jurisdiction over Plaintiff.

15. That Defendant Saint Clair County Health Department ("Health") is a department operated by Saint Clair County, Illinois, which has been attempting to enforce COVID-19 orders in Saint Clair County.

16. That, as of the date of filing this complaint, no owner, or employee of Plaintiff has been diagnosed with COVID-19, or exhibits symptoms thereof.

17. That as of the date of filing this complaint, no customer or guest of Plaintiff has exhibited signs of COVID-19, or advised that they had COVID-19, while at Plaintiff's facility.

18. That the purported authority of J.B. Pritzger to issue shutdown orders is based, in whole or substantial substantive part, on the Illinois Emergency Management Act, 20 ILCS 3305, *et seq.*

19. However, under the plain language of the Illinois Emergency Management Act, 20 ILCS 3305/7, "…Upon such proclamation, the Governor shall have and may exercise for a period not to exceed 30 days."

20. It has been well over 30 days since J.B. Pritzger first issued such COVID-19 orders, and no reasonable interpretation of the statute allows it to continue in force without action from the legislature.

21. That this Court has subject matter jurisdiction pursuant to 28 USC 1331, federal question jurisdiction.

22. This Count is brought pursuant to 42 U.S.C. 1983.

23. That it is a violation of the First and Fourteenth Amendments, for any state entity or person under color of state law, to prohibit a person from, or punish a person for, operating a location from which peaceful persons may peaceably assemble or gather, at which location they can and do discuss the issues of the day.

24. In violation of the foregoing, Defendants have, based on a facially invalid purported order of a politician, who has not missed a single paycheck, Defendants have threatened to, cite, fine, shut down, arrest the owners and employees of, and revoke licenses of, persons who stay open during a purported shutdown order of J.B. Pritzger.

25. That Defendants Illinois State Police, have, actually, in the case of several bars, actually made such citations.

26. Thus, the threat from Defendants is real, imminent and tangible.

27. That Plaintiff has no adequate remedy at law at this stage.

WHEREFORE, Plaintiff humbly requests that this Honorable Court enter (1) a temporary restraining order, (2) a preliminary injunction and/or (3) a permanent injunction, against Defendants, and those acting in concert with, or under the direction of Defendants, barring Defendants, and those acting in concert with them, from (1) shutting down, citing, fining or otherwise punishing Plaintiff based in whole or in part on any current or future order of J.B. Pritzger, (2) arresting, citing or punishing an owner, employee or guest of Plaintiff for not complying with a current of future order of J.B. Pritzger and/or (3) revoking any license, permit or permission, including gaming and liquor licenses of Plaintiff, for failure to comply with any current or future order of J.B. Pritzger, plus such other, further and different relief as allowed by law, plus costs of suit and attorney fees, as allowed by 42 U.S.C. 1988.

## COUNT II

1 – 20. Plaintiff adopts and incorporates by reference paragraphs 1 – 20 of Count I.

21. That as it has been over 30 days, J.B. Pritzger has no emergency order power as relates to COVID-19, and must, if at all, seek relief from the Illinois legislature.

22. Accordingly, any purported current or future COVID-19 order from J.B. Pritzger is void, including any order to shut down Plaintiff's bar.

23. This Court has supplemental jurisdiction pursuant to 28 USC 1367.

WHEREFORE, Plaintiff requests that this Honorable Court declare that any order from J.B. Pritzger, purporting to require Plaintiff to shut down, in whole or in part, or to deny service to customers inside of its building, is null, void and of no legal effect.

## COUNT III

1 – 20. Plaintiff adopts and incorporates by reference paragraphs 1 – 20 of Count I.

21. That as it has been over 30 days, J.B. Pritzger has no emergency order power as relates to COVID-19, and must, if at all, seek relief from the Illinois legislature.

22. That by continuing to act, without actual authority to do so, J.B. Pritzger is violating the due process rights, under the Fourth and Fourteenth Amendments, of Plaintiff.

23. That this action is brought under 42 USC 1983.

24. That this Court has subject matter jurisdiction under 28 USC 1331.

WHEREFORE, Plaintiff humbly requests that this Honorable Court enter (1) a temporary restraining order, (2) a preliminary injunction and/or (3) a permanent injunction, against Defendants, and those acting in concert with, or under the direction of Defendants, barring Defendants, and those acting in concert with them, from (1) shutting down, citing, fining or otherwise punishing Plaintiff based in whole or in part on any current or future order of J.B.

Pritzger, (2) arresting, citing or punishing an owner, employee or guest of Plaintiff for not complying with a current of future order of J.B. Pritzger and/or (3) revoking any license, permit or permission, including gaming and liquor licenses of Plaintiff, for failure to comply with any current or future order of J.B. Pritzger, plus such other, further and different relief as allowed by law, plus costs of suit and attorney fees, as allowed by 42 U.S.C. 1988

Dated:  October 27, 2020

Respectfully Submitted,
H's Bar, LLC


By:  s/Thomas G. Maag
Thomas G. Maag #6272640
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL  62095

Phone:  618-216-5291
tmaag@maaglaw.com