IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| H'S BAR, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-1134-SMY |
| ) | |
| CYNTHIA BERG, MARCUS D. ) | |
| FRUCHTER, BRENDAN KELLY, SAINT ) | |
| CLAIR COUNTY SHERIFF'S ) | |
| DEPARTMENT, and SAINT CLAIR ) | |
| COUNTY HEALTH DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

In response to the ongoing COVID-19 pandemic, Illinois Governor JB Pritzker has issued a series of executive orders aimed at curbing the spread of the virus and protecting the health of Illinois residents. In October 2020, Governor Pritzker issued Executive Order 63 ("EO63"), which included a prohibition against indoor service at restaurants and bars, including those in St. Clair County where H's Bar is located.

Plaintiff H's Bar, LLC filed the instant action against Defendants Cynthia Berg (Chairman of the Illinois Liquor Control Commission), Marcus Fruchter (Administrator of the Illinois Gaming Board), Brendan Kelly (Director of Illinois State Police) (collectively, "the State Defendants'), the St. Clair County Sheriff's Department, the St. Clair County Health Department, James Hendricks (St. Clair Deputy Sheriff), Barbara Hohlt (Executive Director of the St. Clair County Health Department), Mark Kern (St. Clair County Board Commissioner and Liquor Commissioner) (collectively, "the St. Clair Defendants"). Plaintiff's First Amended Complaint asserts the

following claims: Defendants' enforcement actions violate the right of people to peaceably assemble under the First and Fourteenth amendments (Count I); the Governor lacked authority to issue EO63 and lacks authority to issue future COVID-19 related executive orders (Count II); a violation of due process rights pursuant to the Fourteenth Amendment under 42 U.S.C. §1983 against Defendant Kern (Counts III and IV); a violation of due process rights pursuant to the Fourteenth Amendment under 42 U.S.C. §1983 against Defendant Hohlt (Counts V and VII); a violation of due process rights pursuant to the Fourteenth Amendment under 42 U.S.C. §1983 against Defendant St. Clair County Health Department (Counts VI, VII and VIII); and an unreasonable search and seizure pursuant to the Fourth Amendment under 42 U.S.C. §1983 against Defendant Hendricks (Count IX).

The case is now before the Court for consideration of the State Defendants' Motion to Dismiss (Doc. 74) and the St. Clair County Defendants' Motion to Dismiss (Doc. 83).  Plaintiff has not filed responses to the motions, and the time for doing so has passed.

Collectively, Defendants argue that Plaintiffs' Amended Complaint should be dismissed for lack of subject matter jurisdiction as it fails to allege sufficient facts to establish standing by demonstrating an injury caused by the defendants.  The State Defendants also argue that Plaintiff's Amended Complaint fails to state a claim because (1) the Governor's Executive Orders pass constitutional scrutiny in a public health crisis and are valid time, place, and manner restrictions; (2) Plaintiff fails to allege sufficient personal involvement by the State Defendants and rest upon a right that does not extend to the Plaintiff's social associations; (3) Plaintiff fails to sufficiently allege discrimination against a secular entity in favor of a religious one; (4) Plaintiff's state law claims are barred by the Eleventh Amendment; and (5) the Illinois Emergency Management

Agency Act does not limit the State Defendants' authority to enforce the Governor's executive orders.

The St. Clair Defendants contend that Plaintiff cannot maintain an action against the St. Clair County Sheriff's Department or the St. Clair County Health Department because those entities do not have the legal capacity to be sued. They further argue that Defendants Hohlt and Kerns are entitled to absolute judicial immunity and/or qualified immunity, and that Plaintiff fails to state a *prima facie* claim for any of its § 1983 claims.

The Court may, in its discretion, construe a party's failure to file a timely response as an admission of the merits of the motion. *See* Local Rule 7.1(c) (requiring a response to a motion to dismiss be filed 30 days after service of the motion and stating a failure to timely respond may be deemed an admission of the merits of the motion); *see also Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir.1996) ("[T]he district court clearly has authority to enforce strictly its Local Rules, even if a default results."). Here, having fully considered Defendants' arguments, the Court deems Plaintiff's failure to respond as an admission of the merits of the motions. Accordingly, Defendants' motions to dismiss (Docs. 74, 83) are **GRANTED**; Plaintiff's First Amended Complaint is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

DATED: April 27, 2021

**STACI M. YANDLE**
**United States District Judge**